**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Northern Division**

METROPOLITAN LIFE INSURANCE COMPANY
200 Park Avenue
New York, New York 10017

Plaintiff,

v.

ROCHELLE YOUNG
3963 Brooklyn Avenue
Brooklyn, Maryland 21225

and

AARON BROWN
16311 Pond Meadow Lane
Bowie, Maryland 20716

and

K.B. and G.C., minors
by and through their parent/guardian,
Taylor Kacee Brown
2201 Cypress Street
Greensboro, North Carolina 27405

Defendants.

Civil Action No. ________________

**COMPLAINT IN INTERPLEADER**

Plaintiff Metropolitan Life Insurance Company ("MetLife"), by and through its undersigned counsel, files this Complaint in Interpleader against Defendants, Rochelle Young, Aaron Brown, K.B., a minor, and G.C., a minor (collectively, "Interpleader Defendants"), and alleges as follows:

## PARTIES

1. MetLife is a corporation organized under the laws of the State of New York, with its principal place of business in New York. MetLife is duly licensed to do business in the State of Maryland.

2. At all material times, Defendant Rochelle Young ("Rochelle"), on information and belief, is the surviving daughter of Peggy Brown (the "Decedent"), and she resides at 3963 Brooklyn Avenue, Brooklyn, Maryland 21225.

3. At all material times, Defendant Aaron Brown ("Aaron"), on information and belief, is the surviving son of the Decedent, and he resides at 16311 Pond Meadow Lane, Bowie, Maryland 20716.

4. At all material times, Defendant K.B., on information and belief, is a minor who is unrelated to the Decedent, and he resides with his parent/guardian, Taylor Kacee Brown, at 2201 Cypress Street, Greensboro, North Carolina 27405.

5. At all material times, Defendant G.C., on information and belief, is a minor who is unrelated to the Decedent, and she resides with her parent/guardian, Taylor Kacee Brown, at 2201 Cypress Street, Greensboro, North Carolina 27405.[1]

## JURISDICTION AND VENUE

6. This is an interpleader action pursuant to 28 U.S.C. § 1335(a) because two or more adverse claimants of diverse citizenship are claiming entitlement to life insurance benefits in plaintiff's custody the value of which exceeds $500. Further, this is an interpleader action pursuant to Rule 22(a)(2) of the Federal Rules of Civil Procedure.

[1] MetLife will request appointment of a guardian *ad litem* for the minor children to assert and litigate their potential claims to the Plan Benefits. Pursuant to Rule 17(c) of the Federal Rules of Civil Procedure, MetLife will file a motion to appoint guardian *ad litem* upon completing service of process on the Interpleader Defendants.

7.  Venue is proper pursuant to 28 U.S.C. § 1397 and 28 U.S.C. § 1391(b) because a defendant resides in this district and a substantial part of the events giving rise to this action occurred in this district.

## CAUSE OF ACTION IN INTERPLEADER

8.  The Decedent was a former employee for the Board of Education of Prince George's County, Maryland, and a participant in the Board of Education of Prince George's County Life Insurance Benefits Program (Policy No.: 221461) (the "Plan"), a non-ERISA group insurance policy administered by MetLife.

9.  MetLife is the claims administrator responsible for addressing claims for life insurance benefits in accordance with applicable state law and the documents and instruments governing the Plan.

10. The Decedent died on or around June 14, 2022.  A true and correct copy of the Decedent's death certificate is attached hereto as **Exhibit A.**

11. As a result of the Decedent's death, the life insurance benefits from her coverage under the Plan, in the total amount of $22,250.00 (the "Plan Benefits") became payable to the proper beneficiary or beneficiaries.

12. The latest beneficiary designation on file is dated June 11, 2022 (the "2022 Designation") and divides the Plan Benefits as follows: 50% to K.B., a minor (to be held in trust) and 50 % to G.C., a minor (to be held in trust).  A true and correct copy of the 2022 Designation is attached hereto as **Exhibit B**.

13. The previous beneficiary designation on file is dated July 21, 1992 (the "1992 Designation") and divides the Plan Benefits as follows: 100% to LeRoy E. Brown as primary beneficiary, and $33\frac{1}{3}$% to Rochelle, $33\frac{1}{3}$% to Aaron, and $33\frac{1}{3}$% to Zuberi Brown as contingent

beneficiaries. Because LeRoy E. Brown and Zuberi Brown pre-deceased the Decedent,[2] the 1992 Designation divides the Plan Benefits as follows: 50% to Rochelle and 50% to Aaron. A true and correct copy of the 1992 Designation is attached hereto as **Exhibit D**.

14. On or around June 15, 2022, Ellis. J. Koch ("Mr. Koch"), a Maryland attorney, submitted to the Benefits Coordinator for the Board of Education of Prince George's County, Maryland an Authorization Form, dated June 9, 2022, and purportedly signed by the Decedent on June 11, 2022, in which the Decedent granted authorization for MetLife to discuss with Mr. Koch "all matters concerning benefits, including but not limited to insurance policies that are due to me as a retired teacher." A true and correct copy of the June 9, 2022 Authorization Form is attached hereto as **Exhibit E**.

15. On or around June 15, 2022, Mr. Koch also submitted to the Benefits Coordinator for the Board of Education of Prince George's County, Maryland a copy of the 2022 Designation, purportedly signed by the Decedent and co-signed by Mr. Koch on June 11, 2022 (Exhibit B). In his June 15, 2022 email, Mr. Koch stated "You are on notice of this Beneficiary Designation and we expect no insurance disbursement other than in accordance with this Designation. If there is any disbursement other than as set forth in the attached documents, we will have no choice other than to bring suit against PGCPS Benefits and any person who has received those funds." A true and correct copy of the June 15, 2022 email correspondence is attached hereto as **Exhibit F**.

16. On or around June 18, 2022, Aaron submitted a life insurance claim form to recover his portion of the Plan Benefits. A true and correct copy of Aaron's life insurance claim form is attached as **Exhibit G**.

---

[2] True and correct copies of the death certificate for LeRoy E. Brown and obituary for Zuberi Brown are attached hereto as **Exhibit C**.

17. On or around June 21, 2022, Rochelle submitted a life insurance claim form to recover her portion of the Plan Benefits. A true and correct copy of Rochelle's life insurance claim form is attached hereto as **Exhibit H.**

18. On July 11, 2022, Rochelle contacted MetLife and she alleged that Mr. Koch had illegally and/or fraudulently assisted the Decedent to sign the 2022 Designation days before the Decedent's death, and that she had evidence to support that the Decedent, at the time, lacked the requisite mental capacity to knowingly sign the 2022 Designation because she was heavily medicated and under hospice care. A true and correct copy of the July 11, 2022 email correspondence is attached here as **Exhibit I**.

19. On July 11, 2022, Denise Garcia Brown ("Denise"), Aaron's fiancé, contacted MetLife to submit copies of the Decedent's wet signature in prior documents, and asked that MetLife compare those signatures with the purported signature in the 2022 Designation. A true and correct copy of the July 11, 2022 email correspondence is attached here as **Exhibit J**.

20. In July 2022, MetLife received additional information from Rochelle and other family members and friends to support that the Decedent, at the time, lacked the requisite mental capacity to knowingly sign the 2022 Designation because she was heavily medicated and under hospice care. The information MetLife received included the following: (i) an email, dated July 12, 2022, from Rochelle containing a text message from Carl Fink, a relative and/or friend of the Decedent, who visited the Decedent prior to her death and explained that the Decedent was not well in June 2022; (ii) an email, dated July 13, 2022, from Wanda Mills, a cousin of the Decedent, who informed MetLife that Aaron had informed her that he had observed Mr. Koch "guiding" the Decedent's hand to sign the 2022 Designation on June 11, 2022 at her bedside; and (iii) an email, dated July 14, 2022, from Ronald Dolan (a priest) stating that he was unable to give communion

to the Decedent on June 12, 2022 because she was "totally unresponsive." True and correct copies of these email correspondences and related documents are attached here as **Exhibit K**.

21. On July 19, 2022, MetLife denied Rochelle and Aaron's claims because the 2022 Designation was the latest beneficiary designation on file, and neither of them were named as a beneficiary to recover the Plan Benefits. True and correct copies of the July 19, 2022 correspondence(s) are attached here as **Exhibit L**.

22. On or around February 21, 2023, MetLife informed the Interpleader Defendants that their claims were adverse to one another and raised questions of fact and law that could not be resolved by MetLife without exposing MetLife to the danger of multiple liabilities. MetLife gave the Interpleader Defendants an opportunity to try to resolve this matter in order to preserve the Plan Benefits from litigation costs and fees. MetLife also informed the Interpleader Defendants that "… in order for MetLife to accept an agreement written on behalf of the minors, MetLife must also receive documents showing that the person writing the agreement for the minors was authorized as the minors' guardian or conservator by a court ... Preferably, the court appointed guardian or conservator should be a third party with no potential claim to these contested life insurance proceeds." True and correct copies of the February 21, 2023 correspondence(s) are attached hereto as **Exhibit M**.

23. On or around March 1, 2023, Rochelle submitted to MetLife additional evidence to support that the Decedent, at the time, lacked the requisite mental capacity to knowingly sign the 2022 Designation because she was heavily medicated and under hospice care, which included the following: (i) hospice documents, dated June 7, 2022, showing that Denise signed documents on behalf of the Decedent because the Decedent was incapable to sign documents at the time, and containing a notation stating "Pt defers to daughter-in-law to sign" and (ii) medical records

showing that the Decedent was highly medicated at the time and taking drugs such as Xanax and oxycodone as part of her treatment. Rochelle alleges that Mr. Koch attempted to illegally and/or fraudulently change the Decedent's beneficiary designation when the Decedent was incapable to sign any document, and that the case is "very suspicious." A true and correct copy of the March 1, 2023 email correspondence is attached as **Exhibit N**.

24. On or around March 9, 2023, Rochelle submitted to MetLife a letter, dated March 8, 2023, from the Decedent's treating physician, Gayle Whitmer, MD, HMDC, in which Dr. Whitmer explained that the Decedent, while in hospice care from June 7-14, 2022, was bedbound and unable to sign documents for herself. A true and correct copy of the March 9, 2023 email correspondence and letter from Gayle Whitmer, MD, HMDC is attached as **Exhibit O**.

25. Thereafter, in May 2023, Rochelle informed undersigned counsel that the parties will not be able reach an amicable resolution, and requested that MetLife proceed to prepare/file this interpleader complaint.

26. The disputed Plan Benefits totaling $22,250.00 are at issue in this action. The competing claims to the disputed Plan Benefits raise issues of fact and law that MetLife cannot resolve.

27. MetLife cannot determine the proper beneficiary(ies) of the disputed Plan Benefits at issue without risking exposure to multiple liability.

28. If a court were to determine that the 2022 Designation is valid, then the Plan Benefits would be payable to K.B., a minor, and G.C., a minor (to be held in trust).

29. If a court were to determine that the 1992 Designation is valid, then the Plan Benefits would be payable to Rochelle and Aaron.

30. As a mere stakeholder, MetLife has no interest in the disputed Plan Benefits (except to recover its attorney's fees and costs of this action) and respectfully requests that this Court determine to whom the disputed Plan Benefits should be paid.

31. MetLife is ready, willing, and able to pay the disputed Plan Benefits ($22,250.00), plus any applicable interest, into the Registry of the Court for disbursement in accordance with the Judgment of this Court.

WHEREFORE, MetLife requests the following relief:

(i) Appointing a guardian *ad litem* to assert and litigate the potential claims to the Plan Benefits on behalf of the minor Interpleader Defendants;

(ii) Permitting MetLife to pay into the Registry of the Court the disputed Plan Benefits, plus any applicable interest;

(iii) Restraining and enjoining the Interpleader Defendants by Order and Injunction of this Court from instituting any action or proceeding in any state or federal court against MetLife for the recovery of the disputed Plan Benefits, plus any applicable interest payable as a consequence of the death of the Decedent;

(iv) Requiring that the Interpleader Defendants litigate or settle and agree between themselves their claims for the disputed Plan Benefits, or upon their failure to do so, that this Court settle and adjust their claims and determine to whom the disputed Plan Benefits, plus any applicable interest, should be paid;

(v) Dismissing MetLife with prejudice from this action and discharging MetLife, the Board of Education of Prince George's County, Maryland, and the Plan from any further liability upon payment of the disputed Plan Benefits, plus any applicable interest, into the Registry of the Court;

(vi)   Awarding MetLife its costs and attorney's fees; and

(vii)  Awarding MetLife such other and further relief as this Court deems just, equitable, and proper.

Dated: July 11, 2023                                         Respectfully submitted,

*/s/ Samir A. Aguirre*
Gail L. Westover, Esq.
Samir A. Aguirre, Esq.
EVERSHEDS SUTHERLAND (US) LLP
700 Sixth Street, N.W., Suite 700
Washington, DC 20001-3980
(202) 383-0100 (telephone)
(202) 637-3593 (facsimile)
gailwestover@eversheds-sutherland.com
samiraguirre@eversheds-sutherland.com

*Attorneys for Plaintiff Metropolitan Life Insurance Company*